UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OUTLAW MOTORCYCLE CLUB, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:10-CV-243 |
| ) | (PHILLIPS/SHIRLEY) |
| V. ) | |
| ) | |
| KNOX COUNTY, TENN., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge [Docs. 128, 136, 137] referring the Defendants' Motions for Protective Order and Motion for Expedited Ruling on Motions for Protective Order [Docs. 117, 123, 127, and 134], to the undersigned for disposition. The Defendants move the Court to stay discovery in this matter until the District Judge can rule upon the issue of qualified immunity, as presented in the individual defendant's motions for summary judgment.

In support of their request, the Defendants cite the Court to *inter alia* Harlow v. Fitzgerald, 457 U.S. 800 (1982), wherein the Supreme Court of the United States directed, "Until [the] threshold immunity question is resolved, discovery should not be allowed." Id. at 818; see also English v. Dyke, 23 F.3d 1086, 1089 (6th Cir. 1994). As a district court within this circuit recently explained, "[W]hile the Court has discretion to stay a case pending resolution of a dispositive motion, a stay is mandated in those situations where governmental defendants have raised a claim of qualified immunity unless there is discovery needed to frame the immunity issue." Brown v. Timmerman-Cooper, 2012 WL 113528, at *4 (S.D. Ohio Jan. 13, 2012).

At a hearing held before the Court on February 17, 2012, Attorney Phillip Lomonaco, counsel for the Plaintiffs, represented that the Plaintiffs do not seek further discovery on the issue of qualified immunity. He essentially conceded that discovery should be stayed at this time. Based on the record as a whole and the Plaintiffs' representation that they have completed discovery on the issue of qualified immunity, the Court finds that the Motions for Protective Order **[Docs. 117, 123, 127, and 134]** are well-taken and are **GRANTED**. Discovery in this matter is **STAYED** as to all Defendants.[1]

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] As the Court noted to counsel for Knox County, Tennessee, it appears unlikely that a stay is available to Knox County based upon the doctrine of qualified immunity. The Court did not rule on this issue, however, because the Plaintiff did not seek to proceed with further discovery as to Knox County at this time.